(5 App. Div. 439.)

SCHARF v. WARREN-SCHARF ASPHALT PAVING CO. et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

PLEADING—SEPARATELY STATING AND NUMBERING CAUSES OF ACTION.

    A complaint by a stockholder of a corporation, which states a cause of action in favor of the corporation against its directors and those to whom the directors had transferred property of the corporation without security, to recover such property, and the damages sustained by the corporation, and which also asks a personal judgment in favor of plaintiff against the corporation for damages, improperly unites two causes of action, and plaintiff may be required to separately state and number them.

Appeal from special term, New York county.

Action by Samuel R. Scharf, as a holder of the stock of the Warren-Scharf Asphalt Paving Company, against the Warren-Scharf Asphalt Paving Company, William R. Warren individually and as president and one of the directors of said company; William Burnham individually and as vice president and one of the directors of said company; Henry R. Bradbury individually and as secretary and one of the directors of said company; F. Winthrop White individually and as treasurer and one of the directors of said company; Samuel Whinery, George C. Warren, and Dane E. Rianhard individually and as directors of said company; William R. Warren and William Burnham, as executors of the last will and testament of Cyrus M. Warren, deceased; the Warren Chemical & Manufacturing Company, Samuel M. Warren, Ethel Warren Billings, and George C. Warren, trustee,—to compel defendants other than said paving company to account to it for all sums of money due from them, and that certain alleged spurious stock issued by said paving company be declared void, and restored to the said paving company; that the holders of said spurious stock be enjoined and restrained from transferring the same, or receiving dividends thereon; and that plaintiff have judgment against the said paving company for $50,000, his damages sustained at the time of the sale by him to it of his 500 shares of stock. From an order requiring plaintiff to separately state and number certain causes of action in the complaint, plaintiff

appeals, and from the same order denying an application to make the complaint more definite and certain in several particulars, and strike out various paragraphs as irrelevant, immaterial, or redundant and scandalous, defendants appeal.    Modified on plaintiff's appeal.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

A. Walker Otis, for appellant.
William Pierrepont Williams, for respondents.

INGRAHAM, J.    It is a little difficult to see how many of the allegations in this complaint can be material to any cause of action, but, considering the prayer for relief, it would seem that the pleader had in mind the allegations of two distinct causes of action by this complaint:  First, a cause of action by the corporation against its directors and those to whom the directors had transferred property of the corporation without security, to recover possession of such property so transferred, and the damages sustained by the corporation in consequence of such wrongful acts of the directors.    This would be but one cause of action, however numerous the various items for which plaintiffs need ask that the directors be held responsible to the corporation.    This is enforcing a right of the corporation, and the plaintiff asks the court to enforce this right because the corporation itself is under the control and management of the directors who are alleged to be in default, and whose wrongful acts have caused the injury to the corporation.    This is a cause of action which vests in the corporation, not in the plaintiff; and the plaintiff has a right simply to ask a court of equity to exercise its power to compel these directors and trustees, and others who have succeeded to the property which really belongs to the corporation, to restore to the corporation what has been improperly taken from it.    Mixed up with this cause of action, however, are certain allegations in the complaint upon which plaintiff asks a personal judgment in favor of himself against the Warren-Scharf Asphalt Paving Company for $50,000 damages.    It is quite clear that this is a perfectly distinct cause of action from one which seeks to enforce a right vested in the corporation against the other defendants; and it would seem that such two causes of action are improperly united in this complaint, and that the defendants have a right to have them separately stated, —one being a cause of action which he is enforcing of his own right, and the other a cause of action which he is enforcing in the right of the company,—and the judgment in each case would be that the other defendants restore to the company the property, or the value thereof, of which they have deprived the corporation.    We think, therefore, that there are two causes of action set forth in the com-plaint, and that upon the plaintiff's appeal the order should be modi-fied so as to require the plaintiff to separately state and number such two causes of action.    As this complaint, in consequence of this order, will have to be amended, it does not seem necessary for us to pass upon the appeal by the defendants from the order which refuses to strike out certain allegations of the complaint as irrele-

vant, immaterial, or redundant and scandalous, as these allegations may not appear in the amended complaint.

The order should be modified as suggested, and, as modified, affirmed, without costs. All concur.